FILED 03 AUG '11 15:54 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TAMMY RAE TRAXLE,

              Petitioner,         Civil No. 07-815-TC

          v.                 FINDINGS AND
                               RECOMMENDATION

WILLIAM HOEFEL,

              Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to judgments from Polk County Circuit Court after convictions for one count of Kidnapping in the First Degree and Murder.  After a jury verdict convicting petitioner, the court imposed a 90 month sentence for the count of Kidnapping in the First Degree and a sentence of life imprisonment with a minimum of 25 years for the count of Murder, with the sentences to run concurrently. Exhibit 101.

    Petitioner directly appealed her convictions, but the

1 - FINDINGS AND RECOMMENDATION

Court of Appeals affirmed without opinion and the Oregon
Supreme Court denied review. Exhibits 111 - 115.

Petitioner filed a Third Amended Petition for Post-
Conviction Relief (Exhibit 116) but the Marion County Circuit
Court denied relief. Exhibit 134. Petitioner appealed the PCR
court's decision by filing a brief pursuant to State v.
Balfour, 311 Or. 434, 451 (1991). However, although
petitioner's attorney filed a "Section A" of the Balfour
brief, petitioner did not file a Section B," thus raising no
substantive issues. The Court of Appeals affirmed without
opinion and the Oregon Supreme Court denied review. Exhibits
135 - 138.

Petitioner filed a petition under 28 U.S.C. § 2254
alleging three claims for relief (#2), but subsequently filed
a First Amended Petition (#52) alleging six claims.

Respondent now moves to deny relief on the grounds that
"[g]rounds One and Six fail to state a federal claim for
relief" and "Grounds Two through Six were not presented to the
highest state court, and are thus procedurally defaulted."
Response (#84) p. 1-2.

In Ground One petitioner alleges that the trial court
erred in admitting witness statements "pursuant to OEC 803(3)
and the residual hearsay exception to prove defendant's
conduct subsequent to those statements. See also Federal Rule
of Evidence 803(3)." First Amended Petition (#52) p. 6.

Under 28 U.S.C. § 2254(a), federal courts may entertain

petitions for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Thus, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) 9citing <u>Engle v. Issac</u>, 456 U.S. 107 (1982)).

Petitioner's Ground One presents a state law issue relating to the hearsay exception under the Oregon Evidence Code. Petitioner does not cite the federal constitution in this claim or allege a violation of the laws or treaties of the United States. Therefore it contains no federal issue to implicate 28 U.S.C. § 2254.[1]

In addition, the Oregon courts have already rejected this Oregon law claim, and that decision is binding on the federal court. <u>Mendez v. Small</u>, 298 F.3d 1158 (9th Cir. 2002) (state courts have "the last word on the interpretation of state law."); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the providence of a federal habeas court to re-examine state-court determinations on state-law questions.").

Although petitioner's Ground One references Federal Rule of Evidence 803(3), state courts are not subject to the Federal Rules of Evidence. *See*, Fed. R. Evid. 101. Petitioner

_____

[1]Petitioner presented this claim to the state courts without raising a federal constitutional issue or citing any provision of the federal constitution. *See*, Exhibits 111 and 113.

was convicted in state court governed by state evidentiary rules.

In Ground Six petitioner alleges that she is actually innocent of the crime of murder. First Amended Petition (#52) p. 13. However, the Supreme Court has never determined that a freestanding habeas claim of actual innocence exists. *See, e.g.,* House v. Bell, 547 U.S. 518, 555-56 (2006) (recognizing that Herrera v. Collins, 506 U.S. 320, left open the question of whether a freestanding claim of actual innocence exists, and declining to resolve the issue). In any event, petitioner has made utterly no showing that she is innocent of the crime, let alone met the "extraordinarily high" threshold as required to establish a hypothetical actual innocence claim under *Herrera*. Id, at 555.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of

4 - FINDINGS AND RECOMMENDATION

facts that entitle the petitioner to relief." <u>Gray v.
Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo
v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner
must present the federal claim to the state courts in a
procedural context in which the claims' merits will be
considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989);
<u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v.
Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489
U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition
must have been given one complete round of the state's
appellate review process. <u>O'Sullivan v. Boerckel</u>, supra at
844-845, and the state courts must have had a full and fair
opportunity to respond to any federal claim asserted by the
petitioner. <u>Keeney v. Tamayo-Reyes</u>, <u>supra</u> at 10.

If a petitioner has failed to present a federal
constitutional claim to the state's highest court (*i.e.*, has
failed to exhaust state remedies) and can no longer do so
because of a procedural bar, that claim is procedurally
defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v.
Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has
procedurally defaulted a claim, federal habeas corpus review
is barred unless the petitioner can demonstrate: (1) cause for
the procedural default, and (2) actual prejudice from the
failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000),

Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), rev. denied 315 Or. 268 (1992).

On direct appeal from her conviction, petitioner argued that the trial court erred in admitting hearsay evidence (Ground One in this proceeding) and that Ballot Measure 11's

sentencing provisions are unconstitutional. Exhibit 111. These claims were properly exhausted in state court.

Petitioner's hearsay claim is discussed above. Petitioner's Ballot Measure 11 claim was alleged in her initial Petition (#2), but not in her First Amended Petition. Accordingly, it is not before the court.

As noted above, petitioner failed to supplement her attorney's "Section A" on appeal from the post-conviction court's denial of relief. Accordingly no substantive issues were before the state appellate courts in petitioner's post-conviction proceeding.

Thus none of the claims alleged in petitioner's Grounds Two through Six were raised in the state appellate courts or properly exhausted. Petitioner has not established any cause and prejudice for her procedural default or that she is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

To the extent that petitioner's allegations in Ground Six may be asserting she is actually innocent in order to excuse the procedural default, rather than as a substantive claim for relief, I find as follows.

To establish the fundamental miscarriage of justice exception to the exhaustion of state remedies requirement, a petitioner must submit "new" and "reliable" evidence that was not presented at trial "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence ... Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."<u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). The standard is whether a petitioner has shown that it is more likely than not that no reasonable jurors would have found her guilty beyond a reasonable doubt. *Schlup*, 513 U.S. 329; <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1140 (9th Cir. 2007) (*en banc*).

Petitioner has not presented any "new" and "reliable" evidence to support her claim of actual innocence. Petitioner merely reiterates the evidence submitted to the jury which convicted her. *See*, Memorandum (#63) p. 26 - 29). This argument is insufficient to meet the high threshold required by *Schlup* to avoid the procedural bar to considering unexhausted claims.

Based on the foregoing I find that petitioner claim in Ground One should be denied on the ground that it fails to raise a federal constitutional issue proper for habeas corpus review. Petitioner's remaining claims were not presented to the state's highest court and the time for doing so has passed. Petitioner has not established cause and prejudice for her procedural default or that she is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly Claims Two through Six are not properly before the court and should be denied. Petitioner's First Amended Petition (#52) should be denied. This proceeding

should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 29 day of July, 2010.

Thomas M. Coffin
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION